**COMMISSIONER OF INTERNAL REV-
ENUE, Appellant,**

v.

**Kathryn M. SCHWARZ, Appellee.**

**No. 13644.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 5, 1957.

Decided May 2, 1957.

Mr. Hilbert P. Zarky, Atty., Dept. of Justice, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen. Charles K. Rice, Mr. Oliver Gasch, U. S. Atty., Mr. E. Riley Casey, Asst. U. S. Atty., and Mr. Lee A. Jackson, Atty., Dept. of Justice, were on the brief, for appellant.

Mr. Marvin W. Weinstein, Atty., Dept. of Justice, also entered an appearance for appellant.

Mr. Josiah Lyman, Washington, D. C., for appellee.

Before PRETTYMAN, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue filed in the District Court an application for judicial enforcement of an administrative summons. This was pursuant to Section 7604(a) of the Internal Revenue Code of 1954.[1] In the application the Commissioner recited that he had caused a summons to be issued, directing our appellee Schwarz to appear before a special agent of the Internal Revenue Service at a named time and place "to give testimony relating to the tax liability and/or the collection of the tax liability" of a named taxpayer for a certain period. He further recited that respondent Schwarz appeared, was sworn, and "refused to produce the records called for by the summons." He prayed the court to issue an order "compelling Kathryn M. Schwarz to produce the records in accordance with the said summons." The respondent answered the application, saying that she is a lawyer, the taxpayer is her client, and the information sought by the Commissioner was deemed privileged. The District Court held that the information which the Government advised the court it was desirous of obtaining was privileged as between lawyer and client. It therefore denied the application.

We affirm the judgment of the District Court but upon a different ground. No copy of the administrative summons which was sought to be enforced was attached to the application to the court, and none was offered in evidence. No copy of the summons appears in the record of the proceeding in the District Court. Thus we do not know what the summons was, whether it was to give testimony, as the application said at one point, or was to produce records, as the application indicated at other points. And, if the summons was to produce rec-

1. 68A Stat. 902, 26 U.S.C.A. § 7604(a).

ords, we do not know what records. There is therefore no way by which we can tell whether the administrative summons should or should not have been enforced. A court cannot enforce a summons the terms of which it does not know.

Affirmed.